UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VERONICA BAXTER, as Personal Representative
of the ESTATE OF ANGELO J. CROOMS,
Deceased,

AL-QUAN PIERCE, as Personal Representative
of the ESTATE OF SINCERE PIERCE,
Deceased,

      Plaintiffs,

v.                                                  CASE NO.: 6:21-cv-00718-CEM-LRH

JAFET SANTIAGO-MIRANDA, individually
and as an agent of BREVARD COUNTY
SHERIFF'S OFFICE;
CARSON HENDREN, individually
and as an agent of BREVARD COUNTY
SHERIFF'S OFFICE; and WAYNE IVEY, in his
official capacity as BREVARD
COUNTY SHERIFF,

      Defendants.
_____/

## UNOPPOSED MOTION FOR ENLARGEMENT OF TIME
## TO FILE RESPONSIVE PLEADING

    Defendants Jafet Santiago-Miranda, individually, Carson Hendren, individually, and Wayne Ivey, in his official capacity as Brevard County Sheriff, by and through undersigned counsel, hereby move pursuant to Rule 6(b)(1)(A) for an enlargement of time for filing of a responsive pleading to the Complaint (Doc. 1), and state:

1. On April 23, 2021, undersigned counsel agreed to accept service of process for each of the three defendants via email. Accordingly, responsive pleadings are due May 13, 2021.

2. Undersigned defense counsel has depositions and other matters through May 6 and a jury trial in *Lee Edward Anderson v. Wayne Ivey, in his official capacity as Sheriff of Brevard County, and Zachary Ferreira*, Case No.: 6:19-cv-2014-Orl-28GJK, beginning on May 17, 2021 in Ocala which is expected to last three to four days. Preparation is scheduled for the week of May 10. Counsel also has other commitments, including a response to motion for summary judgment in *Seana Barnett v. Sara MacArthur and Dennis M. Lemma*, Case No.: 6:15-cv-469-GKS-DCI, due on May 5 and a motion for summary judgment due in *J.T., Jessica Thompson and Cory Thompson v. School Board of Osceola County, Florida and Osceola County Sheriff's Office*, Case No.: 6:19-cv-1738-Orl-41EJK, on June 1, 2021.

3. The incident sued upon was the subject of an investigation by the Florida Department of Law Enforcement and then the State Attorney's Office. Those investigations have only recently been concluded and released and defense counsel has not yet had an opportunity to review the investigatory materials, which are substantial and lengthy.

4. Defense counsel requests an enlargement of time, through and including June 8, 2021, to file a responsive pleading.

5. Pursuant to Local Rule 3.01(g), undersigned counsel spoke to Steven Hart, Esq, counsel for Plaintiffs who advises that there is no objection to this motion.

6. No prejudice to any party or the Court will result by the granting of this motion as no case deadlines are currently in place.

WHEREFORE, Defendants request that the Court enter an Order enlarging the time for responsive pleading to, and including, June 8, 2021.

## MEMORANDUM OF LAW

Fed. R. Civ. Pro. 6(b)(1)(A) allows the Court for good cause to extend the time to respond to the complaint if the motion is made before the original time for response has expired.

Such an application for extension of time under Rule 6(b)(1)(A) "normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." Wright and Miller, §4B Fed. Prac. & Proc. Civ. § 1165 (4th ed). The diligence of the moving party should be considered in determining whether there is good cause to extend a deadline. *Jozwiak v. Stryker Corp.*, 2010 WL 743834, at *2 (M.D.Fla.2010) (granting motion to extend to respond filed on due date of response). Here, there is good cause to enlarge the time for a responsive pleading, it is unobjected to, and there is no harm caused to any

3

party or the Court by the granting of the motion. Additionally, per Local Rule 3.01(g), undersigned counsel will discuss grounds for any responsive pleading in motion form in advance of filing, with Plaintiff's counsel, in an effort to resolve those matters which may resolved through amendment of the complaint.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of May, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and served via electronic mail to the following: Ben Crump, Esq., *ben@bencrumplaw.com*, Ben Crump Law, 122 S. Calhoun Street, Tallahassee, Florida 32301; Natalie Jackson, Esq., *natalie@nataliejacksonlaw.com*, The Law Office of Natalie Jackson, 121 S. Orange Avenue, Suite 1500, Orlando, Florida 32801; Steven Hart, Esq., Brian Eldridge, Esq. and John Marrese, Esq., *shart@hmelegal.com*, *beldridge@hmelegal.com*, and *jmarrese@hmelegal.com*, Hart McLaughlin & Eldridge, LLC, 22 W. Washington Street, Suite 1600, Chicago, Illinois, 60602.

THOMAS W. POULTON, ESQ.
Florida Bar No.: 0083798
*poulton@debevoisepoulton.com*
JEFFREY K. GRANT, ESQ.
Florida Bar No.: 0091197
*grant@debevoisepoulton.com*
ERIN M. TUECHE, ESQ.
Florida Bar No.: 004504
ROBERT D. HOLBORN, II, ESQ.
Florida Bar No.: 44186
*holborn@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
Lakeview Office Park, Suite 1010
1035 S. Semoran Boulevard
Winter Park, Florida  32792
Telephone:  407-673-5000
Facsimile:  321-203-4304
Attorneys for Defendants