UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VERONICA BAXTER, as Personal Representative
of the ESTATE OF ANGELO J. CROOMS,
Deceased,

AL-QUAN PIERCE, as Personal Representative
of the ESTATE OF SINCERE PIERCE,
Deceased,

       Plaintiffs,

v.                  CASE NO.: 6:21-cv-00718-CEM-LRH

JAFET SANTIAGO-MIRANDA, individually
and as an agent of BREVARD COUNTY
SHERIFF'S OFFICE;
CARSON HENDREN, individually
and as an agent of BREVARD COUNTY
SHERIFF'S OFFICE; and WAYNE IVEY, in his
official capacity as BREVARD
COUNTY SHERIFF,

       Defendants/Counter-Plaintiffs,

v.

VERONICA BAXTER, as Personal Representative
of the ESTATE OF ANGELO J. CROOMS,
Deceased,

Counter-Defendant.
_____/

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM BY DEFENDANTS SANTIAGO-MIRANDA, HENDREN, AND IVEY

Defendants Santiago-Miranda, Hendren, and Wayne Ivey, in his official capacity as Sheriff of Brevard County, Fla., hereby Answer Plaintiffs' Complaint as follows:

1. Denied.

2. Denied.

3. It is admitted for jurisdictional purposes only that claims are brought under §1983. Liability is denied.

4. Admitted for jurisdictional purposes only.

5. Admitted that venue is correct.

6. Without knowledge as to lawful survivors of Crooms, and therefore denied.

7. Without knowledge as to lawful survivors of Pierce, and therefore denied.

8. Admitted. All claims against Defendant Santiago-Miranda are necessarily individual capacity claims because under both state and federal law there are no cognizable official capacity claims against individual deputies.

9. Admitted. All claims against Defendant Hendren are necessarily individual capacity claims because under both state and federal law there are no cognizable official capacity claims against individual deputies.

10. Admitted that Wayne Ivey is the Sheriff of Brevard County.

2

11.     Denied as framed. It is admitted that the deputies encountered a vehicle in which the decedents and a third person were travelling.

12.     Denied as framed. It is admitted that the deputies encountered a vehicle in which the decedents and a third person were travelling.

13.     Denied in that, during the encounter, the driver of the vehicle failed to obey commands to stop the vehicle and instead intentionally accelerated at Defendant Santiago-Miranda, causing him to reasonably fear for his life.

14.     Denied as framed. It is admitted that the deputies encountered a vehicle in which the decedents and a third person were travelling. Furthermore, it is speculative to assume the intended direction of the subject vehicle.

15.     Denied as framed. It is admitted that the deputies parked their marked Sheriff's vehicles on Stetson Drive.

16.     Denied. The Defendants were obviously law enforcement officers as they were in clearly marked vehicles and easily identified as law enforcement officers.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied that emergency aid was unreasonably or unlawfully withheld and denied as to causation.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied as framed as to other policies and in the full context of the facts and circumstances the use of force was lawful and constitutional.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Without knowledge.

60.    Admitted an investigation occurred, but denied as to Plaintiffs' characterizations of the Defendant's conduct or the agency's conclusions as out of context.

61.    Admitted an investigation occurred, but denied as to Plaintiffs' characterizations of the Defendant's conduct or the agency's conclusions as out of context.

62.    Denied.

63.    Denied.

64.    Denied.

## COUNT 1
### §1983 claims by Crooms Estate against Defendant Santiago-Miranda

65.    Defendants incorporate their responses to paragraphs 1 through 64 as if fully restated herein.

66.    Denied.

67.    Admitted that at all material times Santiago-Miranda was acting in his discretionary authority as a Brevard County Sheriff's Deputy.

68.    Admitted that at all material times Santiago-Miranda was acting in his discretionary authority as a Brevard County Sheriff's Deputy.

69.    Denied.

70.    Denied.

71.    Denied.

72.   Denied.

73.   Denied.

74.   Denied.

75.   Denied.

The allegations of the Wherefore clause are denied.

### COUNT 2
### Common law battery by Crooms Estate against Defendant Santiago-Miranda

76.   Defendants incorporate their responses to paragraphs 1 through 64 as if fully restated herein.

77.   Denied.

78.   It is admitted that Defendant Santiago-Miranda discharged his firearm because the Defendant reasonably believed that he was at risk of imminent death or great bodily harm.

79.   Denied.

80.   Denied.

81.   Denied.

82.   Denied.

The allegations of the Wherefore clause are denied.

## COUNT 3
## §1983 claims by Crooms Estate against Defendant Hendren

83.    Defendants incorporate their responses to paragraphs 1 through 64 as if fully restated herein.

84.    Denied.

85.    Admitted that at all material times Hendren was acting in her discretionary authority as a Brevard County Sheriff's Deputy.

86.    Admitted that at all material times Hendren was acting in her discretionary authority as a Brevard County Sheriff's Deputy.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Denied.

96.    Denied.

The allegations of the Wherefore clause are denied.

## COUNT 4
### §1983 *Monell* claim by Crooms Estate for deliberate indifference in training, against Sheriff Ivey

97. Defendants incorporate their responses to paragraphs 1 through 64 as if fully restated herein.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

The allegations of the Wherefore clause are denied.

## COUNT 5
### §1983 *Monell* claim by Crooms Estate for deliberate indifference in retention, against Defendant Ivey

107. Defendants incorporate their responses to paragraphs 1 through 64 as if fully restated herein.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

The allegations of the Wherefore clause are denied.

### COUNT 6
**Negligent hiring claim by Crooms Estate against Defendant Ivey**

115. Defendants incorporate their responses to paragraphs 1 through 64 as if fully restated herein.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

The allegations of the Wherefore clause are denied.

### COUNT 7
**Negligent retention claim by Crooms Estate against Defendant Ivey**

122. Defendants incorporate their responses to paragraphs 1 through 64 as if fully restated herein.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

The allegations of the Wherefore clause are denied.

## COUNT 8
### §1983 claims by Pierce Estate against Defendant Santiago-Miranda

129. Defendants incorporate their responses to paragraphs 1 through 64 as if fully restated herein.

130. Denied.

131. Admitted that at all material times Santiago-Miranda was acting in his discretionary authority as a Brevard County Sheriff's Deputy.

132. Admitted that at all material times Santiago-Miranda was acting in his discretionary authority as a Brevard County Sheriff's Deputy.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138.   Denied.

139.   Denied.

The allegations of the Wherefore clause are denied.

## COUNT 9
## Common law battery by Pierce Estate against Defendant Santiago-Miranda

140.   Defendants incorporate their responses to paragraphs 1 through 64 as if fully restated herein.

141.   Denied.

142.   It is admitted that Defendant Santiago-Miranda discharged his firearm because he reasonably believed that he was at risk of imminent death or great bodily harm.

143.   Denied.

144.   Denied.

145.   Denied.

146.   Denied.

The allegations of the Wherefore clause are denied.

## COUNT 10
## §1983 claims by Pierce Estate against Defendant Hendren

147.   Defendants incorporate their responses to paragraphs 1 through 64 as if fully restated herein.

148.   Denied.

149.   Admitted that at all material times Hendren was acting in her discretionary authority as a Brevard County Sheriff's Deputy.

150.   Admitted that at all material times Hendren was acting in her discretionary authority as a Brevard County Sheriff's Deputy.

151.   Denied.

152.   Denied.

153.   Denied.

154.   Denied.

155.   Denied.

156.   Denied.

157.   Denied.

158.   Denied.

159.   Denied.

160.   Denied.

The allegations of the Wherefore clause are denied.

## COUNT 11
## §1983 *Monell* claim by Pierce Estate for deliberate indifference in training, against Sheriff Ivey

161.   Defendants incorporate their responses to paragraphs 1 through 64 as if fully restated herein.

162.   Denied.

163. Denied.

164. Denied.

165. Denied.

166. Denied.

167. Denied.

168. Denied.

169. Denied.

170. Denied.

171. Denied.

The allegations of the Wherefore clause are denied.

## COUNT 12
### §1983 *Monell* claim by Pierce Estate for deliberate indifference in retention, against Defendant Ivey

172. Defendants incorporate their responses to paragraphs 1 through 64 as if fully restated herein.

173. Denied.

174. Denied.

175. Denied.

176. Denied.

177. Denied.

178. Denied.

179.  Denied.

The allegations of the Wherefore clause are denied.

## COUNT 13
### Negligent hiring claim by Pierce Estate against Defendant Ivey

180.  Defendants incorporate their responses to paragraphs 1 through 64 as if fully restated herein.

181.  Denied.

182.  Denied.

183.  Denied.

184.  Denied.

185.  Denied.

186.  Denied.

The allegations of the Wherefore clause are denied.

## COUNT 14
### Negligent retention claim by Pierce Estate against Defendant Ivey

187.  Defendants incorporate their responses to paragraphs 1 through 64 as if fully restated herein.

188.  Denied.

189.  Denied.

190.  Denied.

191.  Denied.

192. Denied.

193. Denied.

The allegations of the Wherefore clause are denied.

## General denial

Any allegation of the Complaint not expressly admitted herein is denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

As to all individual capacity §1983 claims brought by the Estate of Crooms against Defendant Santiago-Miranda, at all material times the Defendant was acting in his discretionary capacity as a law enforcement officer and did not violate clearly established law such that Defendant is entitled to qualified immunity from suit or liability on all such claims.

### Second Affirmative Defense

As to all individual capacity §1983 claims brought by the Estate of Pierce against Defendant Santiago-Miranda, at all material times the Defendant was acting in his discretionary capacity as a law enforcement officer and did not violate clearly established law such that Defendant is entitled to qualified immunity from suit or liability on all such claims.

### Third Affirmative Defense

As to all individual capacity §1983 claims brought by the Estate of Crooms against Defendant Hendren, at all material times the Defendant was acting in her discretionary capacity as a law enforcement officer and did not violate clearly established law such that Defendant is entitled to qualified immunity from suit or liability on all such claims.

### Fourth Affirmative Defense

As to all individual capacity §1983 claims brought by the Estate of Pierce against Defendant Hendren, at all material times the Defendant was acting in her discretionary capacity as a law enforcement officer and did not violate clearly established law such that Defendant is entitled to qualified immunity from suit or liability on all such claims.

### Fifth Affirmative Defense

As to all state law claims brought by the Estate of Crooms against Defendant Santiago-Miranda, at all material times the Defendant acted in the course and scope of his appointment as a Brevard County Sheriff's Deputy and did not act in bad faith, with malice, or with wanton and willful disregard of human rights safety or property. Pursuant to § 768.28(9)(a), Fla., Stat., the Defendant is therefore entitled to

17

immunity from suit or liability on all state law tort claims brought against him in his individual capacity.

## Sixth Affirmative Defense

As to all state law claims brought by the Estate of Pierce against Defendant Santiago-Miranda, at all material times the Defendant acted in the course and scope of his appointment as a Brevard County Sheriff's Deputy and did not act in bad faith, with malice, or with wanton and willful disregard of human rights safety or property. Pursuant to § 768.28(9)(a), Fla., Stat., the Defendant is therefore entitled to immunity from suit or liability on all state law tort claims brought against him in his individual capacity.

## Seventh Affirmative Defense

As to all state law claims brought by the Estate of Crooms against Defendant Hendren, at all material times the Defendant acted in the course and scope of her appointment as a Brevard County Sheriff's Deputy and did not act in bad faith, with malice, or with wanton and willful disregard of human rights safety or property. Pursuant to § 768.28(9)(a), Fla., Stat., the Defendant is therefore entitled to immunity from suit or liability on all state law tort claims brought against her in her individual capacity.

## Eighth Affirmative Defense

As to all state law claims brought by the Estate of Pierce against Defendant Hendren, at all material times the Defendant acted in the course and scope of her appointment as a Brevard County Sheriff's Deputy and did not act in bad faith, with malice, or with wanton and willful disregard of human rights safety or property. Pursuant to § 768.28(9)(a), Fla., Stat., the Defendant is therefore entitled to immunity from suit or liability on all state law tort claims brought against her in her individual capacity.

## Ninth Affirmative Defense

As to all state law claims against Defendant Wayne Ivey, in his official capacity as Sheriff of Brevard County, Fla., the Defendant is entitled to all of the benefits, limitations, and immunities provided for in Ch. 768.28, Fla. Stat., including, but not limited to, the limits and capitations on amounts or type of damages awardable by verdict or judgment described by §768.28(5), Fla. Stat.

## Tenth Affirmative Defense

To the extent that any state law claims, including the state law claims in Counts 6, 7, 13, and 14, and against Defendant Wayne Ivey in his official capacity as Sheriff of Brevard County, Fla., are based on allegation of defect in, or criticism

of, an executive or policy-making decision of the Sheriff, those claims are barred by the doctrines of sovereign immunity and separation of powers.

## Eleventh Affirmative Defense

All state law claims, including the state law claims in Counts 6, 7, 13, and 14, and against Defendant Wayne Ivey in his official capacity as Sheriff of Brevard County, Fla., fail to state a claim upon which relief may be granted and are barred by Plaintiffs' failure to comply with, and failure to allege compliance with, the notice of claim provisions of §768.28(6), Fla. Stat.

## Twelfth Affirmative Defense

To the extent either or both Plaintiffs seek damages accruing to or for the decedents, themselves, such theory of relief fails to state a claim because so-called hedonic damages are unavailable under Florida law, or in the case of §1983 claims in Florida, where the incident or injury results in death to the decedents. This includes claims for the decedents' own losses or physical or mental pain and suffering. See §768.20, Fla. Stat., which is incorporated into or defines damages awardable under 42 U.S.C. §1983. *Sharbaugh v. Beaudry*, 267 F.Supp.3d 1326 (N.D.Fla. 2017).

### Thirteenth Affirmative Defense

During the incident sued upon the decedent Crooms was under the influence of drugs or alcohol to the extent that his normal faculties were impaired, and as a result he was more than 50 percent at fault for his own injuries, such that any claim for those injuries is barred by §768.36, Fla. Stat.

### Fourteenth Affirmative Defense

During the incident sued upon the decedent Pierce was under the influence of drugs or alcohol to the extent that his normal faculties were impaired, and as a result he was more than 50 percent at fault for his own injuries, such that any claim for those injuries is barred by §768.36, Fla. Stat.

### Fifteenth Affirmative Defense

The decedent Crooms was himself negligent or at fault, his own negligence or fault was the legal cause of damages complained of, and his negligence or fault should be considered and apportioned by the Court and the jury in any trial, in any verdict, and in any judgment in this matter. This includes negligence or fault in causing the death of decedent Pierce.

## Sixteenth Affirmative Defense

The decedent Pierce was himself negligent or at fault, his own negligence or fault was the legal cause of damages complained of, and his negligence or fault should be considered and apportioned by the Court and the jury in any trial, in any verdict, and in any judgment in this matter.

## Seventeenth Affirmative Defense

The duties described by the Plaintiffs in Counts 6, 7, 13, and 14 and against Defendant Wayne Ivey in his official capacity as Sheriff of Brevard County, Fla., are based on allegations of duties to the public on the whole, not to individual persons, and the claims therefore fail to state a claim upon which relief may be granted.

## Eighteenth Affirmative Defense

To the extent it is an affirmative defense, reasonable suspicion or probable cause existed for the Defendants to perform a traffic stop of the vehicle in which the decedents were travelling.

## Nineteenth Affirmative Defense

Defendant Santiago-Miranda was justified in his use of deadly force because he reasonably believed that such force was necessary to defend himself from another's imminent use of unlawful force against him, and he was in a place where he had a lawful right to be and he had no duty to retreat. §776.012, Fla. Stat.; §776.032, Fla. Stat.; § 776.05(1), Fla. Stat.

## Twentieth Affirmative Defense

Defendants are entitled to a set-off for all amounts paid or payable to the Estates by or on account of any collsateral source.

## Twenty-First Affirmative Defense

Any claim for attorneys' fees on a state law claim as against any Defendant fails to state a claim upon which relief can be granted because attorneys' fees are not available on such claims as a matter of statute or common law.

## DEFENDANTS' COUNTERCLAIM AGAINST ESTATE OF CROOMS FOR CONTRIBUTION AS TO CLAIMS OF ESTATE OF PIERCE

Defendants Santiago-Miranda, Hendren, and Sheriff Ivey, by and through undersigned counsel, and pursuant to the provisions of Federal Rule of Civil Procedure 13, common law, and §768.31, Fla. Stat., hereby file and submit this

Counterclaim against VERONICA BAXTER, as Personal Representative of the ESTATE OF ANGELO J. CROOMS ("Crooms"), Deceased, for contribution as to any verdict or judgment against the Defendants and to the ESTATE OF SINCERE PIERCE ("Pierce"), and state:

1. This is an action for contribution as authorized by Federal Rule of Civil Procedure 13, common law, and §768.31, Fla. Stat.

2. The Court has jurisdiction over this counterclaim because it arises from the same transaction or occurrence which is the subject matter of the Plaintiffs' Complaint and does not require addition of another party over whom the Court cannot acquire jurisdiction. Fed.R.C.P. 13(a).

3. On the date of the incident, decedent Crooms was the driver of the subject vehicle and Pierce was a passenger. Crooms had a legal duty to Pierce to operate the subject vehicle in a safe, lawful, and reasonable manner.

4. On the date of the incident a Take Into Custody Order (TICO) had been entered for Crooms based on his having violated probation in reference to the charge of carrying a concealed firearm. Crooms was or should have been aware of such court order. In the alternative, Crooms suspected or had reason to suspect that a court order had been entered for his arrest.

5.     Upon information and belief, at the time of the incident Crooms was under the influence of drugs or alcohol to the extent his normal faculties were impaired.

6.     Upon information and belief, Crooms did not have a valid drivers' license on the date of the incident.

7.     At the time of the incident there were illegal or unlawfully possessed firearms in the vehicle driven by Crooms, and he was or should have been aware of the presence of the firearms.

8.     In an effort to strike a law enforcement officer or at best to evade the deputies present, Crooms ignored multiple and clear lawful commands from the Defendant deputies present on scene to stop his vehicle.  Rather than obey those lawful commands, Crooms negligently or intentionally drove his vehicle in such a manner as to cause Defendant Santiago-Miranda to reasonably fear for his life and to in response discharge his firearm at the vehicle driven by Crooms.

9.     One or more of these shots fired in self-defense struck Pierce, causing injuries leading to his death.

## Count I Contribution

10.     Based on the allegations of Plaintiffs' Complaint and the facts of the case, a reasonable jury could find that the actions of Crooms during the incident were negligent and caused in whole or in part the injuries to and the death of Pierce.

11.    The sole legal cause of injuries to or the death of Sincere Pierce were the actions of Crooms. In the alternative, the actions of Crooms contributed to the injuries or death of Pierce.

12.    In the event that any or all Defendants are determine by the Court or a jury to have caused or contributed to injuries to or the death of Pierce, and in the event that the Court or the jury also determines that the actions of Crooms caused or contributed to the injuries to or the death of Pierce, then the Court or the jury should apportion the percentage of fault to Crooms that the actions of Crooms bear in responsibility to the injuries to or death of Pierce.

13.    This apportionment of fault, damages, or judgment should include any attorneys' fees or costs awarded under 42 U.S.C. §1988, Federal Rule of Civil Procedure 54, or any such other provision of law as may be applicable.

14.    This counterclaim includes joint tortfeasor status which is not excluded under §768.31(2)(c), Fla. Stat., or other relevant provisions of Florida or federal law.

15.    Any judgment for the Estate of Pierce and against the Defendants should be reduced according to the negligence, fault, or intentional misconduct of Crooms.

16.    In the alternative, any judgment for the Estate of Pierce should be paid by the Estate of Crooms.

WHEREFORE, Defendants/Counter-Plaintiffs Santiago-Miranda, Hendren, and Sheriff Ivey demand judgment against the Estate of Crooms, to the extent liable for the injuries or death of Pierce, and for any other relief the Court deems just and proper.

## JURY TRIAL DEMANDED

Defendants/Counter-Plaintiffs demand trial by jury on the Counterclaim.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of June, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and served via electronic mail to the following: Ben Crump, Esq., *ben@bencrumplaw.com*, Ben Crump Law, 122 S. Calhoun Street, Tallahassee, Florida 32301; Natalie Jackson, Esq., *natalie@nataliejacksonlaw.com*, The Law Office of Natalie Jackson, 121 S. Orange Avenue, Suite 1500, Orlando, Florida 32801; Steven Hart, Esq., Brian Eldridge, Esq. and John Marrese, Esq., *shart@hmelegal.com*, *beldridge@hmelegal.com*, and *jmarrese@hmelegal.com*, Hart McLaughlin & Eldridge, LLC, 22 W. Washington Street, Suite 1600, Chicago, Illinois, 60602.

THOMAS W. POULTON, ESQ.
Florida Bar No.: 0083798
*poulton@debevoisepoulton.com*
JEFFREY K. GRANT, ESQ.
Florida Bar No.: 0091197

*grant@debevoisepoulton.com*
ERIN M. TUECHE, ESQ.
Florida Bar No.: 004504
ROBERT D. HOLBORN, II, ESQ.
Florida Bar No.: 44186
*holborn@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
1035 S. Semoran Boulevard, Suite 1010
Winter Park, Florida 32792
Telephone: 407-673-5000
Facsimile: 321-203-4304
Attorneys for Defendants