UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VERONICA BAXTER, as Personal Representative
of the ESTATE OF ANGELO J. CROOMS,
Deceased,

AL-QUAN PIERCE, as Personal Representative
of the ESTATE OF SINCERE PIERCE,
Deceased,

      Plaintiffs,

v.                                      CASE NO.: 6:21-cv-00718-CEM-LRH

JAFET SANTIAGO-MIRANDA, individually
and as an agent of BREVARD COUNTY
SHERIFF'S OFFICE;
CARSON HENDREN, individually
and as an agent of BREVARD COUNTY
SHERIFF'S OFFICE; and WAYNE IVEY, in his
official capacity as BREVARD
COUNTY SHERIFF,

      Defendants.
_____/

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM
IN PART (Dkt. 27)**

    Defendants Santiago-Miranda, Hendren, and Sheriff Ivey, by and through

undersigned counsel and pursuant to Local Rule 3.01(b), respond in opposition to

Plaintiffs' Motion to Dismiss Counterclaim in Part (Dkt. 27).

This case involves a situation in which Angelo Crooms was driving a vehicle which was encountered by Brevard County Sheriff's Deputies. Sincere Pierce was a passenger in that vehicle. The driver, Crooms, had a legal duty to his passenger to operate the vehicle in a non-negligent, safe, and lawful manner. (Answer, Affirmative Defenses, and Counterclaim, Dkt. 23, p. 24, ¶3).

Crooms had a Take Into Custody Order (TICO) out for his arrest, was an unlicensed driver, and there were illegal or unlawfully possessed firearms in the vehicle, of which Crooms was aware or should have been aware. Crooms was also under the influence of drugs or alcohol to the extent his normal faculties were impaired. (Id., ¶ 4-7).

When given clear and repeated lawful orders to stop the vehicle by on scene deputies, Crooms defied those commands and instead drove his vehicle at Deputy Santiago-Miranda, causing him to reasonably fear for his life and to fire at the vehicle driven by Crooms. Both Crooms and Pierce died as a result of their wounds. (Id., ¶ 8, 9).

The parties differ on the motive for Crooms to have driven towards Deputy Santiago-Miranda. Plaintiffs allege that Crooms and his passengers had "heard about and bore witness to many incidents of excessive force and unjustified shootings of minorities by the police in recent months and years" and were "scared and panicked," causing Crooms to try to "slowly" drive around Santiago-Miranda.

(Dkt. 1, ¶ 19-23).  Defendants maintain that Crooms simply wanted to avoid apprehension for the reasons alleged in the counterclaim, driving at Santiago-Miranda in such a manner as to cause the deputy to fire in self-defense.[1]

The Estates of both Crooms and Pierce have sued Deputy Santiago-Miranda, another deputy present but who did not fire her weapon (Hendren), and the Sheriff. Defendants have filed a counterclaim based on contribution seeking to assign any liability ultimately found as to the Estate of Pierce to the Estate of Crooms given the actions of Crooms in causing the deputy to fire.

Plaintiffs move to dismiss the counterclaim in part contending that contribution is applicable to negligence claims but is not applicable to the federal civil rights claims under §1983 or to state law battery claims because those are intentional torts.  (Motion to Dismiss Counterclaim, Dkt. 27, pp. 4-7).  Plaintiffs also argue that contribution is inappropriate specifically as to §1983 because that statute is directed specifically at state actors.   (Id., pp.4-5, citing *Bachelor v. Evans*, Case No. 6:16-cv-68, 2016 WL 6609188 *4 (M.D.Fla. Nov. 7, 2016).  Thus, the Crooms Estate has answered the counterclaim with respect to the negligence claims against

---

[1] Plaintiffs note that the incident was captured on videotape. (Dkt. 1, ¶ 20). Though not directly relevant to the issue before the Court on this motion, it is noted that the dashcam video is publicly available at https://www.youtube.com/watch?v=31shyoa6axo&ab_channel=WKMGNews6ClickOrlando

the Sheriff in Counts 6 and 7 (Dkt.28), with both Plaintiffs otherwise moving to dismiss the counterclaim.

The *Bachelor* case is initially distinguishable because the issue there was the viability of a third-party claim, not a counterclaim. In that case, the Plaintiffs were Barbara and Richard Bachelor. They alleged that their son David was pursued by a state trooper who fired into the family's home in an effort to apprehend David. Barbara and Richard sued the trooper for illegal search, excessive force, and illegal seizure. The trooper filed a third-party complaint against David and David moved to dismiss. *Bachelor* at p. 1

The rule relied upon there was Rule 14(a)(1), which allows a defending party to bring a claim against a nonparty. The instant case does not involve a nonparty, it involves co-Plaintiff, Crooms, whose actions precipitated the use of force causing the death of co-Plaintiff Pierce. Rule 13 allows for a compulsory counterclaim which "the pleader has against an opposing party if the claim (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction."

The second criterion is clearly met because the Estate of Crooms has invoked the Court's jurisdiction over it. The only question is whether the Defendants have a viable claim for contribution arising out of the same transaction or occurrence. In

*Bachelor*, the district court first held that there was a split of authority and that there is no controlling precedent as to whether a defendant in a §1983 case can seek contribution from a third party. The court stated that it was the "majority view" that no such right exists. *Id*. at 2-4.

But, the cases cited within *Bachelor* all have to do with the scenario there – a third party claim for contribution, not a counterclaim for contribution[2] against one of two plaintiffs and in a situation where the defendants have a compelling case that the injury to one is due ***entirely to*** the negligent or unlawful action of the other. Here, Defendants argue that the death of Pierce was exclusively caused by -- in the sense of set in motion by -- the actions of Crooms. If a jury felt that the death of Pierce should not have occurred and would not have occurred but for the wrongful acts of Crooms, then Crooms should be on the verdict form for purposes of the Pierce claims for the jury to so indicate.

Defendant is unable to locate any authority, either within this circuit or otherwise, on the specific scenario here, where two plaintiffs sue on the same incident and it is argued that injury to one of the plaintiffs was caused by the

---

[2] The *Bachelor* court initially cited *Crews v. Cty. Of Nassau*, 612 F.Supp. 2d 199 (E.D.Ny.2009) for the proposition that there is no such claim, but that involved a claim for third party contribution, not a counterclaim against one of several plaintiffs. The same is true of the other cases cited within *Bachelor* at p. 2, i.e *Burton v. City of Adairsville*, *State Nat'l Ins. Co. v. White*, and *Katka v. Mills*. The other cases cited either are not §1983 cases or involve offsets for settlements rather than contribution in the sense of apportioning fault, which is the issue here.

5

negligence or unlawful acts of the other. The thesis in at least some of the cases holding that there is no right of third party contribution under §1983 is that Congress has not indicated a right of contribution among codefendants who violate a plaintiff's civil rights. See e.g. *Burton v. City of Adairsville*, No. 4:14–CV–0099–HLM, 2014 WL 12543885, at *4 (N.D. Ga. Sept. 22, 2014) and *Katka v. Mills*, 422 F. Supp. 2d 1304, 1308–09 (N.D. Ga. 2006).

Both *Burton* and *Kafka* were cited in *Bachelor*, the case relied upon by Plaintiffs here. *Burton* cited *Kafka* for the point that:

> No party has pointed the court to any discussion in the legislative history of § 1983 that would indicate that Congress considered whether a right of contribution was available to defendants in a § 1983 action. Significantly, it is also clear ***that § 1983 was not adopted to benefit participants in a scheme to deprive an individual of his constitutional rights***.... Rather, § 1983 was enacted to benefit the class of individuals who have suffered constitutional injuries.

*Burton* at * 4, citing *Kafka* (emphasis added).

This is not a case where one defendant seeks to make a claim for contribution from a codefendant so as to escape his own liability. That is the scenario in many of the cases on the subject. Rather, the issue here is unique, two estate plaintiffs one of whom is legitimately argued to be the actual cause of the death of the other. There is nothing inconsistent with the purpose of §1983 in apportioning fault where it truly lies as to Pierce, which is with Crooms. The Court should allow the claim for contribution to go forward on this basis, as a mechanism for apportionment of fault

as between one of two plaintiffs and the defendants in causing injury to a second plaintiff.

Plaintiffs also argue that contribution should not be allowed as to Plaintiffs' §1983 and state law battery claims because those are claims for intentional torts and §768.31(2)(c), Fla. Stat., part of Florida's "Uniform Contribution Among Joint Tortfeasors Act," states that there is no contribution for intentional torts. (Motion, pp, 5-6).

First, the argument here is not that Crooms and the defendants are joint tortfeasors in the traditional sense, with each committing an independent act of negligence and fault needing to be apportioned. Rather, the contention is that the actions of Deputy Santiago-Miranda were in direct response to the actions of Crooms, with Pierce paying the consequences of Crooms' behavior. There has been no determination at this stage that the Defendants "intentionally (willfully and wantonly" caused or contributed to the injury or wrongful death, per the statute. While Plaintiffs allege that to be the case, Defendants deny it completely and allege that the only actor who "intentionally (willfully and wantonly)" caused the death of Pierce was Crooms. It would thus be premature for the Court to dismiss the counterclaim at this stage on the theory that the Defendants are intentional tortfeasors when that is only alleged.

Second, it is not accurate to dismissively refer to Plaintiffs' claims as simply being intentional torts. While the claims bear labels as such, the actual allegations show that they include elements of negligence, i.e. that the Defendants used a negligent tactical approach resulting in the need for use of force. For example, Plaintiffs state at ¶ 21-22 of the Complaint that Defendant Santiago-Miranda "escalated the situation and did nothing to de-escalate it" in the manner in which he stepped toward the vehicle, commanding the driver to stop.

Similarly, as to the claim that the deputies failed to render first aid to Crooms and Pierce, the allegations sound in negligence, i.e. failure to use reasonable care, not intentionally tortious conduct. Id. ¶27-30. The claim against Hendren in Count 3 is expressly premised on the notion that her failure to intervene or her failure to render emergency medical aid was "objectively *unreasonable*." Id., ¶ 93 (emphasis added). See also ¶ 136 as to same claim against Santiago-Miranda.

Plaintiffs have answered the counterclaim as to the claims in Count 6 and 7 against the Sheriff because those claims are expressly labeled as negligence claims. (Dkt. 28). The label of the other claims should not dictate a different result when, in substance, these intentional tort claims so clearly also include elements of negligence within them.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

If, at the end of the case, Plaintiffs' claims of excessive force are narrowly drawn to the moment of decision for Santiago-Miranda as to whether to fire his weapon, that might well represent a pure claim of an intentional tort. But it seems obvious from a reading of the complaint at Dkt. 1 that the substance of the claim is that Santiago-Miranda negligently placed himself in a position where he had to use the force that he did.

Defendants believe that would not ultimately represent a viable Fourth Amendment §1983 claim as the United States Supreme Court has expressly rejected the "provocation doctrine" in such circumstances. *County of Los Angeles, Calif., v. Mendez*, ___ U.S. ___, 137 S.Ct. 1539 (2017) (rejecting provocation doctrine and holding that criticism of officers' tactical approach did not convert an otherwise constitutional use of force into an unconstitutional one). In any event, at this stage, the facts pled by the Defendants show that Crooms was negligent or at fault and the cause of the death of passenger Pierce. That should allow the Counterclaim to survive past this motion to dismiss stage.

9

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of August, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and served via electronic mail to the following: Ben Crump, Esq., *ben@bencrumplaw.com*, Ben Crump Law, 122 S. Calhoun Street, Tallahassee, Florida 32301; Natalie Jackson, Esq., *natalie@nataliejacksonlaw.com*, The Law Office of Natalie Jackson, 121 S. Orange Avenue, Suite 1500, Orlando, Florida 32801; Steven Hart, Esq., Brian Eldridge, Esq. and John Marrese, Esq., *shart@hmelegal.com*, *beldridge@hmelegal.com*, and *jmarrese@hmelegal.com*, Hart McLaughlin & Eldridge, LLC, 22 W. Washington Street, Suite 1600, Chicago, Illinois, 60602.

*s/ Thomas W. Poulton*
THOMAS W. POULTON, ESQ.
Florida Bar No.: 0083798
*poulton@debevoisepoulton.com*
JEFFREY K. GRANT, ESQ.
Florida Bar No.: 0091197
*grant@debevoisepoulton.com*
ERIN M. TUECHE, ESQ.
Florida Bar No.: 004504
ROBERT D. HOLBORN, II, ESQ.
Florida Bar No.: 44186
*holborn@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
1035 S. Semoran Boulevard, Suite 1010
Winter Park, Florida 32792
Telephone: 407-673-5000
Facsimile: 321-203-4304
Attorneys for Defendants