**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

VERONICA BAXTER and AL-QUAN PIERCE,

      Plaintiffs,

v.   Case No:   6:21-cv-718-CEM-LHP

CARSON HENDREN, WAYNE IVEY and EVELYN MIRANDA,

      Defendants

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANTS' SECOND UNOPPOSED MOTION TO SEAL UNDER FLORIDA STATUTE 406.135(2) AND FEDERAL RULE OF CIVIL PROCEDURE 5.2(a) and (d) (Doc. No. 111)
>
> **FILED:** March 28, 2023
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Defendants move to file under seal two exhibits related to the parties' summary judgment briefing.  Doc. No. 111.  Plaintiffs do not oppose, "without

prejudice to their right to use or argue for the use of such evidence in front of a jury if this matter proceeds to trial." *Id.* at 3. The two exhibits are (1) autopsy photographs of the decedents, which Defendants argue are confidential pursuant to state statute, Fla. Stat. § 406.135(2); and (2) body camera footage of Defendant Santiago-Miranda, which include depictions of a minor child and references to the minor by name, and thus should not be filed pursuant to Fed. R. Civ. P. 5.2. *Id.* at 2, 4–6.

A party seeking to file a document under seal must address the applicable requirements set forth in Local Rule 1.11. The moving party must also satisfy the Eleventh Circuit's standard concerning the public's common law interest and right of access to inspect and copy judicial records. *See, e.g.*, *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311–12 (11th Cir. 2001); *United States v. Rosenthal*, 763 F.2d 1291 (11th Cir. 1985). "The right of access creates a rebuttable presumption in favor of openness of court records," *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019), which "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential. Whether good cause exists is decided by the nature and character of the information in question." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotations and alterations omitted).

Upon review, the Court finds good cause to permit the two exhibits at issue to be filed under seal, based on the representations in the motion. *See* Doc. No. 111. However, upon review of the documents, the Court may require that some or all of the information filed under seal be filed in the public record, if it determines that the exhibits are not properly subject to sealing. Accordingly, it is **ORDERED** as follows:

1. Defendant's Second Unopposed Motion to Seal (Doc. No. 111) is **GRANTED**.

2. On or before **April 4, 2023**, Defendants shall file with the Clerk of Court under seal[1] the two exhibits addressed in the motion.

3. Upon review of the documents, the Court may require that some or all of the information filed under seal be filed in the public record, if it determines that the exhibits are not properly subject to sealing. Otherwise, this seal shall not extend beyond **ninety (90) days** after the case is closed and all appeals exhausted. *See* Local Rule 1.11(f).

---

[1] Defendants state that the photograph and video exhibits are on one flash drive. Doc. No. 111, at 2.

- 4 -

**DONE** and **ORDERED** in Orlando, Florida on March 28, 2023.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties